Darryl JACKSON, Appellant,

v.

UNITED STATES, Appellee.

No. 88-1583.

District of Columbia Court of Appeals.

Argued Jan. 16, 1991.

Decided April 29, 1991.

David Carr, appointed by this court, for appellant.

Corbin A. Weiss, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Roy W. McLeese, III, and David Gaouette, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and STEADMAN, Associate Judge, and MACK, Senior Judge.

PER CURIAM:

Appellant Jackson appeals from his convictions of receiving stolen property, D.C. Code § 22–3832(a), (c)(1) (1989 Repl.), and unauthorized use of a vehicle, D.C.Code § 22–3815 (1989 Repl.). On appeal, he contends the trial court erred in admitting into evidence a statement made by him to police officers while in custody. We agree that the trial court erred and we remand the record for appropriate action.

At trial, witnesses testified they had identified appellant, who police officers apprehended in the vicinity of an abandoned "hot-wired" car, as the person they saw driving the "hot-wired" car minutes earlier. In appellant's defense, his father testified that on the morning of appellant's arrest he and appellant were walking to a convenience store when appellant, who had stopped to relieve himself in a nearby stairwell, was arrested. Appellant's father also testified that appellant, prior to walking to the store, had been at a nearby apartment in Washington, D.C., since the previous day. During a recess, one of the arresting officers revealed to the prosecutor for the first time that appellant, while in police custody, stated he had just come from a girlfriend's apartment in Maryland on the morning he was arrested. When court reconvened, the prosecutor announced he intended to call the police officer as a rebuttal witness to testify to appellant's statement. Defense counsel objected, asserting he was unaware that the statement had been made,[1] and that the statement was

---

1. At some point appellant had stated that he was an escapee from a halfway house, but that he did not steal the car. The record is unclear regarding when or under what circumstances appellant made this statement. However, in response to the court's question at a status hearing, the prosecutor indicated that this was appellant's only statement to the police.

elicited by improper interrogation after appellant invoked his right to remain silent. The trial court overruled the objection, stated that defense counsel should have been fully aware "that conversations were taking place during processing which might come out during trial," and refused to hear any additional argument at that time.

Later, defense counsel raised the objection again asserting that the government was obliged to reveal any statements it intended to use for rebuttal and that the government's failure to do so deprived appellant of an opportunity to move to suppress the statement. Once again the court rejected the arguments stating that defense counsel should have been aware that "continuing extensive conversation between [appellant] and the police" took place. Defense counsel denied knowing appellant made any other statements and requested the court conduct a *voir dire* to ascertain the circumstances under which the statement was given. The trial court denied the request stating "I'll accept the government's proffer that no question was asked. He volunteered that he was at his girlfriend's.... No indication of any interrogation. I'm going to allow the statement."

■ In this court, appellant renews his argument that the government's failure to disclose the statement before trial precluded the government from using the statement at trial,[2] and that, because the state-

ment was obtained after appellant invoked his right to remain silent, the trial court should have conducted a *voir dire* to determine whether the statement was obtained legally. We are persuaded that the trial court erred in refusing to conduct a *voir dire* to determine whether the statement was obtained legally.

■ The government cannot use illegally obtained evidence to impeach a defense witness. *See James v. Illinois,* 493 U.S. 307, 110 S.Ct. 648, 107 L.Ed.2d 676 (1990). In this case, therefore, the government could not introduce appellant's statement to impeach the father's alibi testimony unless that statement was obtained legally. When defense counsel challenged the circumstances of the statement's origin, the trial court should have ascertained through an appropriate inquiry whether the statement was obtained legally. Instead, the court erroneously relied solely upon the government's proffer that the statement was volunteered. Accordingly, we are remanding the record to the trial court for a proper determination of whether appellant's statement was obtained legally.

*So ordered.*

---

2. Upon request, the prosecutor must disclose the substance of any oral statement made by the defendant to a government agent which the government intends to offer at trial. Super.Ct. Crim.R. 16(a). The prosecutor has a continuing obligation to comply with that request throughout the trial. Super.Ct.Crim.R. 16(c). When the government fails to comply with such a request, the trial court has the discretion to apply an appropriate sanction under Rule 16(d). *See Lee v. United States,* 385 A.2d 159, 163 (D.C.1978).

In this case, the prosecutor did not fail to disclose the statements, assuming defense counsel requested disclosure, because it first discovered the statement mid-trial, at which time defense counsel was informed. The trial court declined to prohibit the prosecutor from introducing the statement. We note that it is unclear

whether defense counsel initially requested any disclosure, that defense counsel did not allege any bad faith or inexcusable neglect on the part of the government, that the trial court was not required to ignore the existence of the impeachment evidence, that defense counsel could have inquired of appellant what statements he had made, and the strength of the government's case. In light of these factors and on the basis of the record on appeal, we cannot conclude that the trial court committed reversible error in declining to exclude the statement simply because defense counsel was not aware of it before trial. *See Lee v. United States, supra,* 385 A.2d at 163. However, our remand for an inquiry on the admissibility of the statement does not preclude defense counsel from raising the Rule 16 issue in the trial court.